## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 230 BARTLETT STREET, ROOM 205, LEWISTON, ME, 04240 | No. 2:24-mj-00373-KFW |

### AFFIDAVIT IN SUPPORT OF AN
### APPLICATION FOR A WARRANT TO SEARCH AND SEIZE

I, Joshua Hudson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Portland, Maine Field Office. I have been employed as an ATF Special Agent since 2023. Prior to joining the ATF I worked as a full-time police officer for the Department of Veteran Affairs in Beford, Massachusetts. My responsibilities include, but are not limited to, investigating firearms violations under Title 18 and Title 26 of the United States Code. I have received extensive training pertaining to investigations related to possession of firearms by prohibited persons, firearms trafficking, the acquisition of firearms through false statements ("straw purchases"), burglaries from Federal Firearm Licensees ("FFLs"), and possession of stolen firearms. In the course of my law enforcement training and experience, I have conducted or participated in, among other things, surveillance, undercover transactions, debriefings of witnesses and defendants as well as reviews of recorded conversations and video relating to possession of firearms by prohibited persons, firearms trafficking and straw purchasing. I have assisted in the execution of numerous search and arrest warrants involving firearms violations. Through my training and experience, I have

become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in firearms trafficking and straw purchasing.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to provide facts demonstrating that probable cause for the requested warrant exists, and does not set forth all of my knowledge about this matter.

**PURPOSE OF AFFIDAVIT AND LOCATIONS TO BE SEARCHED**

3. This application seeks authority to search for and seize evidence, fruits, and instrumentalities related to the following federal crimes: (a) theft of a firearm from an FFL, in violation of 18 U.S.C. § 922(u); and (b) possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

4. I make this affidavit in support of a search warrant for the following premises/individuals:

- The premises of 230 Bartlett Street, Room 205, Lewiston, Maine ("SUBJECT LOCATION"), further described in Attachment A.

- A silver Kia Forte bearing Maine registration 3333Q, which is registered to Janet Provencher,[1] further described in attachment A.

- Domante Powell ("POWELL") (DOB 02/20/2006). A photograph of POWELL is included below:

---

[1] As described further below, Provencher is POWELL's grandmother.



to search for and seize any evidence, fruits and instrumentalities of the above-listed federal crimes, further described in Attachment B.

5. As a result of the investigation described more fully below, there is probable cause to believe that inside the SUBJECT LOCATION, the silver Kia Forte, or on POWELL's person, there will be evidence of violations of 18 U.S.C. §§ 922(u) and 922(j), including but not limited to the Glock, model 30S, .45 caliber pistol, serial number BTZA766, described above, as well as clothing matching that worn by the suspect in the surveillance video from the burglary.

## BACKGROUND OF INVESTIGATION

6. On November 27, 2024, at approximately 7:54 a.m., the owner of Webster's Trading Co, an FFL located at 150 Minot Ave, Auburn, Maine 04210, contacted the Auburn Police Department ("APD") to report a burglary. APD personnel responded and observed damage to the front door and to a glass firearm case. The

3

owner of the business reported that a Glock, model 30S, .45 caliber pistol, serial number BTza766, was missing. APD notified ATF regarding the incident.

7. On November 27, 2024, at approximately 10:30 a.m., I (along with other ATF Special Agents and an ATF Industry Operations Investigator) responded to assist with the investigation. Upon arrival, the Industry Operations Investigator conducted an inventory check and determined that a Glock, model 30S, .45 caliber pistol, serial number BTZA766, was missing.

8. Shortly thereafter, I along with other ATF Special Agents, spoke with the owner of Webster's Trading Co, Shawn Copeland. I learned the following from my conversation with Copeland and from what ATF Special Agent Christopher Concannon told me about his conversation with Copeland. Copeland said that he closed the business at approximately 5:00 p.m. on November 26, 2024. On the morning of November 27, 2024, he noticed that he received a telephonic notification of motion detection inside his business at approximately 11:58 p.m. the previous evening. Prior to 8:00 a.m., and while he was still home, Copeland contacted APD and reported the incident. When he arrived at the business, APD personnel were already on scene. He said that the front door was smashed with a metal plate, and that a firearm display case was smashed with a rock. Copeland said the Glock contained a magazine and had a inventory tag affixed to it. He said there was no alarm activation during the incident.

9. I observed damage to the exterior of Webster's Trading Co, as well as the firearm display case inside, consistent with Copeland's description. Below is a photo of the damage to the firearm display case:



10.     Copeland told ATF Special Agents that he has two motion detection video recording systems; one through his Arlo Security System and the other utilizing a DVR and Cobra Cameras. Copeland showed ATF Special Agents the video surveillance footage recorded by the Arlo System.[2]

11.     I reviewed the surveillance footage from the evening of November 26, 2024 and made note of the following:

    a. At approximately 11:52 p.m., an individual wearing grey sweatpants and black and white sneakers is observed in front of the smashed front entrance. A screen shot is included below:

---

[2] Another ATF Special Agent returned to Webster's Trading Co on November 29, 2024 and downloaded the video surveillance footage.



b. At approximately 11:58 p.m., an individual wearing grey sweatpants, a black hoodie, a black mask, and black and white sneakers is observed in front of the firearm display case, where the missing firearm had been located. The individual is observed making a throwing motion, followed by a reaching motion. Shattering glass is heard on the video. A screen shot is included below:



c. Shortly thereafter, an individual wearing the same black and white sneakers, grey sweatpants, and black hoodie is observed exiting the smashed front entrance. A screen shot is included below:



12.     I learned that Copeland recalled that four young males were in the store on Saturday, November 23, 2024. He thought they arrived in a silver sedan, but did not recall any additional details about the vehicle. He recalled that one of the individuals inquired about firearm transactions – possibly three-day mandatory waiting periods; this individual was a white male with brown straggly hair covering his face. Copeland also recalled hearing the individuals talking about the Glock that was later stolen, and he observed the individuals looking in the area where the Glock had been located. Copeland did not recognize the individuals as having been in the store previously. However, Copeland said that Missy Chabot, his part-time employee and girlfriend, who was also present on November 23, 2024, recognized one of the four individuals. Copeland also recalled that another short white male, who had been in the store on November 22, 2024, also appeared interested in the Glock.[3] Another ATF Special Agent showed Copeland the surveillance footage from the business on November 26, 2024, and he did not believe this individual was similar in appearance to the individual who appeared on video during the burglary.

13.     I was also present when ATF Special Agent Christopher Concannon spoke with Missy Chabot. She advised that one of the individuals in the store on November 23, 2024 was J.H., who she believed is 15 or 16 years old and is related to her.[4] ATF Special Agent Christopher Concannon showed Chabot the surveillance footage from the business on November 26, 2024, and she said that the individual captured in the footage was slender compared to J.H.

---

[3] This individual's name is known to me.
[4] This individual's full name and relationship to Ms. Chabot is known to me, but I have not included it in this affidavit because he is a juvenile.

8

14. I also reviewed the surveillance footage from November 23, 2024 and made note of several young males, as previously described by Copeland, arriving at Webster's Trading Co.

15. On November 27, 2024, law enforcement conducted a law enforcement query of J.H. The query identified J.H. as a juvenile with a date of birth in 2008 and an address in Lewiston, Maine. The query further revealed that J.H. was involved in a vehicle stop in Lewiston in October 2024. Another ATF Special Agent obtained a copy of the call notes for this incident, which revealed that J.H. and Domante POWELL, amongst others, were attached to the call. It also listed an address for POWELL as 100 Winter St. in Auburn, Maine. ATF Special Agents subsequently reviewed POWELL's law enforcement report, including a photo, and noted that he generally matches the build of the individual in the surveillance footage of the November 26, 2024 burglary. I also recognized POWELL as being similar in appearance to one of the individuals in the surveillance footage from Webster's Trading Co on November 23, 2024.

16. Later that day, ATF Special Agent Christopher Concannon traveled with another law enforcement officer to 100 Winter St, Auburn, Maine to attempt to make contact with POWELL. I learned from ATF Special Agent Christopher Concannon the following. They observed a silver Kia Forte sedan bearing Maine registration 3333Q parked in front of the residence. They spoke with Janet Provencher, POWELL's grandmother, outside the residence. She said that POWELL borrowed her vehicle on November 26, 2024 around 5:00 p.m. and returned it around 11:00 a.m. on November 27, 2024. She also said that POWELL was currently residing in a boarding house on Bartlett Street, and provided POWELL's cell phone number.

17. I learned from ATF Special Agent Christopher Concannon that they then traveled to 230 Bartlett Street, Room 205, in Lewiston, Maine (the "SUBJECT LOCATION") and made contact with POWELL, who agreed to speak with law enforcement inside his room (Room 205). I learned from ATF Special Agent Christopher Concannon the following.[5] POWELL acknowledged that he borrowed his grandmother's vehicle the previous evening. He said that he simply drove around; he referenced needing to go to a store but said he was unable to do so because his EBT was out. He acknowledged that he was driving around Minot Ave that night, and referenced having gone to the McDonald's on Minot Ave around midnight. POWELL thought he left around 11:45 p.m. and returned around 12:20 a.m. on November 27, 2024. POWELL confirmed that he arrived back in his grandmother's vehicle.

18. POWELL also initially said that he did not go to Webster's Trading Co the previous Saturday (November 23, 2024), but he appeared confused about what day it was. POWELL then recalled going there with J.H. (who he said was related to someone at the business) and two other individuals who paid him gas money to drive.

19. I learned from ATF Special Agent Christopher Concannon that he explained to POWELL that we were investigating a burglary and theft of a firearm at Webster's Trading Co, that we knew he was at Webster's Trading Co last Saturday with J.H., and that there were cameras in the building. POWELL maintained that he left his residence around 11:30-11:45 p.m., went to McDonald's,[6] and returned home after. He

---

[5] This contact was recorded. This is intended to provide a brief summary of the substance of the contact with POWELL. The following is not intended to be a verbatim or transcribed account of the contact.

[6] According to the McDonald's website, the Minot Ave. McDonald's location that POWELL supposedly went to is only open until 11:00 p.m.

said that he did not make any stops on his way to or from McDonald's that evening. In short, he denied having any involvement and also denied that he had any firearms in his room. At that time, POWELL asked them to leave, and they terminated the conversation.

20. On December 2, 2024, I learned that ATF Special Agent Christopher Concannon and other law enforcement agents traveled to 230 Bartlett Street and spoke with the Property Manager. She authorized access to the surveillance video system, and agents downloaded video surveillance footage from around the time of the incident on November 26 and 27, 2024. I reviewed the video surveillance and made note of the following.

    a. On November 26, 2024, at approximately 10:38 p.m., two individuals, one of which was wearing grey sweatpants, a black hoodie, and black and white sneakers, appear outside of room 205. I recognized the individual wearing the grey sweatpants, black hoodie, and black and white sneakers as being similar in build and complexion to POWELL. I also noted that he was wearing similar clothes to the individual in Webster's Trading Co surveillance video from the same night. A screenshot is included below:



11

b. On November 26, 2024, at approximately 11:14 p.m., two individuals, one of which was wearing grey sweatpants, a black hoodie, a black winter hat, and black and white sneakers appeared walking in the hallway. I recognized the individual as being similar in appearance to POWELL. I also noted that he was wearing similar clothes as the individual in the Webster's Trading Co surveillance video from the same night. A screenshot is included below:





c. On November 26, 2024, at approximately 11:15 p.m., what appears to be the same two individuals entered a vehicle parked in the parking lot of 230 Bartlett Street. I recognized the vehicle as being similar in appearance to the silver Kia Forte that agents observed at POWELL's grandmother's residence. The individual that I recognize as being similar in appearance to POWELL entered the driver door, and the other individual entered the front passenger door. The passenger exited shortly after entering, ran back towards the building, returned to the vehicle, and reentered the front passenger door. The vehicle departed shortly thereafter. A screenshot is included below:



d. On November 26, 2024, at approximately 11:17 p.m., a vehicle similar in appearance to the silver Kia, is captured traveling in the parking lot of 230 Bartlett Street in the direction of the exit. A screenshot is included below:



e. On November 27, 2024, at approximately 12:10 a.m., a vehicle, similar in appearance to the silver Kia is captured traveling in the parking lot of 230 Bartlett Street. The vehicle parked in the back lot. A screenshot is included below:



f. On November 27, 2024, at approximately 12:16 a.m., an individual wearing light pants and t-shirt, a black winter hat, and a dark sweatshirt tied around his waist exited the driver door of the silver Kia and approached 230 Bartlett Street. A screenshot is included below:



g. On November 27, 2024, at approximately 12:18 a.m., the individual appeared walking in the hallway prior to entering room 205. I recognized

14

the individual as being similar in appearance to POWELL. A screenshot is included below:





**CONCLUSION**

21. Based on the foregoing, there is probable cause to believe that the federal criminal statutes cited herein have been violated, and that the contraband, property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment B, will be located at the locations described in Attachment A. I respectfully request that this Court issue a search warrant for the locations described in Attachment

15

A, authorizing the seizure and search of the items described in Attachment B.

22. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all documents submitted in support of this application. Based upon my training and experience, I believe that sealing these documents is necessary because the premises to be searched and the items to be seized are relevant to an ongoing criminal investigation. Premature disclosure of the contents of these documents may have a significant and negative impact on this ongoing criminal investigation and may jeopardize its effectiveness.

Dated at Portland, Maine this 4th day of December, 2024.

Joshua Hudson, Special Agent
Alcohol Tobacco Firearms & Explosives

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Dec 04 2024

City and state: Portland, Maine

Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
*Printed name and title*